DUFFY *v.* THE PEOPLE, 6 Hill, 75.

In S. Ct. 1 Hill, 335.

*Evidence: Sureties on Conviction by Magistrate of Husband for abandoning Wife.*

THIS was an action of debt upon a recognizance entered into by the defendant Duffy, as surety for one Daly, who was summarily convicted before a magistrate, under the statute relative to disorderly persons, of abandoning his wife without support. The condition of the recognizance was for the support of his wife in future. The breach alleged was that he had not supported his wife, &c. The fifth plea set up that the conviction of Daly was by the justice alone, without a jury, and that this proceeding under the statute was therefore contrary to the 7th act of the constitution of this state, and that the recognizance was obtained by duress of imprisonment, &c. To this there was a demurrer, which the Supreme Court sustained, holding the statute to be constitutional. On the trial in the court below, the defendant Duffy offered to prove that the woman alleged to be the wife of Daly was not in fact married to him, and that the relation of husband and wife did not exist, which evidence the court overruled. The Supreme Court held this decision of the Common Pleas also correct. But

The Court of Errors held, that in an action on such a recognizance, the sureties may defeat a recovery by pleading and proving, notwithstanding the conviction of the principal, that the woman alleged to have been abandoned or left unprovided for by him, was not *in fact his wife.*

The Chancellor who delivered the opinion of the court, held also that the statute in question was constitutional, although it authorized a conviction by a magistrate without the intervention of a jury.

He also held that where the issue was upon the question of husband and wife, the conviction is not even *prima facie* evidence against the sureties.

Judgment *reversed,* all the members of the court but *two* voting for *reversal.*